IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SCOTT ALLEN WALTERS, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 2:11-CV-13 |
| § | | |
| RICK THALER, § | | |
| Director, Texas Dep't of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## REPORT AND RECOMMENDATION TO DENY PETITION
## FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

On January 7, 2011, petitioner filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging the result of an October 4, 2010 prison disciplinary proceeding at the Neal Unit in Potter County, Texas. In order to challenge a state prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory release *and* have received a punishment sanction which included forfeiture of previously accrued good time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). In his habeas corpus petition, petitioner acknowledges he did not lose any previously accrued good time credits as a punishment sanction in the disciplinary proceeding. Petitioner did not identify his holding conviction in his habeas corpus petition. The Offender Information Detail maintained by the Texas Department of Criminal Justice, however, indicates petitioner is being held on a conviction for aggravated sexual assault. Having committed such an

HAB54\DISCIP\R&R\Walters-13.inelig-noloss: 3

offense disqualifies petitioner for release on mandatory supervision. *See* Tex. Gov't Code Ann. § 508.149(a)(8).

As petitioner did not lose previously accrued good time credits as a result of the prison disciplinary proceeding, and as petitioner is not eligible for mandatory supervised release, he is unable to challenge his state prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus. *See Malchi*, 211 F.3d at 958. Petitioner is not entitled to federal habeas corpus relief and his petition should be DENIED.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner SCOTT ALLEN WALTERS be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 14th day of January, 2011.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).